UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RYDELL LATTA,

                                    Plaintiff,

                    -against-

THE STATE OF NEW YORK; THE
DEPARTMENT OF CORRECTION,

                                    Defendants.

21-CV-4280 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is currently detained in the Vernon C. Bain Center ("VCBC"), brings this

*pro se* action under 42 U.S.C. § 1983, alleging that Defendants are violating his federal

constitutional rights by failing to protect him from contracting COVID-19. Plaintiff names as

Defendants the State of New York and the "Department of Correction," which the Court

understands to refer to the New York City Department of Correction ("DOC"). Plaintiff

originally filed this complaint with 41 other VCBC detainees. By order dated May 7, 2021, the

Court severed the plaintiffs' claims and directed that each plaintiff's claims be opened as a

separate action. *See Rose v. State of New York*, ECF 1:21-CV-3164, 4 (S.D.N.Y. May 7, 2021).

This action is one of the newly opened actions.

        By order dated May 13, 2021, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court

grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the complaint. Plaintiff is currently housed in VCBC Dorm 1BB. The DOC supervisors at VCBC do "not adhere to proper social housing distance procedure," and the detainees have to "frequently remind[]" DOC staff of the government's social distancing guidelines. (ECF 2, at 4.)[2] Dorm 1BB has a maximum capacity of 50 beds and it currently houses 44 detainees, making it impossible to maintain social distancing (*Id.* at 4-5.) The day room and sleeping area do not have windows, and the only air circulation comes from "one fan that would blow around dust partic[les] into the dorm." (*Id.* at 5.) Plaintiff alleges that DOC has taken "[n]o specific measures" to protect the detainees' health. (*Id.* at 6.)

The complaint alleges that the detainees experience daily coughing, sore throat, headaches, dizziness, and "covid symptoms." (*Id.*) Plaintiff seeks money damages.

## DISCUSSION

Because Plaintiff asserts that Defendants have violated his federal constitutional rights, his claims arise under 42 U.S.C. § 1983. To state a claim under section 1983, Plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

---

[2] Page numbers refer to those created by the Court's electronic filing system.

**A.      Claims against the State of New York**

The Court must dismiss Plaintiff's section 1983 claims against the State of New York.

"[A]s a general rule, state governments may not be sued in federal court unless they have waived

their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh

Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). New York has

not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not

abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate*

*Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's section 1983 claims against the State of

New York are therefore barred by the Eleventh Amendment and are dismissed.[3]

**B.      Claims against the Department of Correction**

Plaintiff's claims against DOC must also be dismissed because an agency of the City of

New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and

proceedings for the recovery of penalties for the violation of any law shall be brought in the

name of the city of New York and not in that of any agency, except where otherwise provided by

law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City*

*of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited

from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of

New York, the Court construes the complaint as asserting claims against the City of New York,

and directs the Clerk of Court to amend the caption of this action to replace the "Department of

---

[3] Even if the Eleventh Amendment did not bar Plaintiff's claims against the State of New York, the complaint would still fail to state a claim against this defendant because VCBC is operated by the New York City Department of Correction and is therefore not a State facility.

Correction" with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

## C.     Municipal liability

When a plaintiff sues a municipality under section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a section 1983 claim against the City of New York, in his amended complaint, Plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

## D.     Claims against individual defendants

If Plaintiff was a pretrial detainee at the time of the events giving rise to his claims, the claims arise under the Due Process Clause of the Fourteenth Amendment. If he was a convicted prisoner, his claims arise under the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Whether Plaintiff was a pretrial detainee or convicted prisoner, he must satisfy two elements to state such a claim: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a

showing that the officer acted with at least deliberate indifference to the challenged conditions. *Darnell*, 849 F.3d at 29.

The objective element of a deliberate indifference claim is the same for pretrial detainees and convicted prisoners – "the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)); *see also Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."). "[P]rison officials violate the Constitution when they deprive an inmate of his basic human needs such as food, clothing, medical care, and safe and sanitary living conditions." *Walker*, 717 F.3d at 125 (internal quotation marks omitted).

The second element – the "subjective" or "mental" element – varies depending on whether a plaintiff is a pretrial detainee or convicted prisoner. A convicted prisoner must allege that a correction official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also [have] draw[n] the inference." *Darnell*, 849 F.3d at 32 (quoting *Farmer*, 511 U.S. at 837). A pretrial detainee must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. The mere negligence of a correction official is not a basis for a claim of a federal constitutional violation under section

1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Because the complaint does not contain sufficient facts to state a claim and does not name individual defendants, the Court directs Plaintiff to file an amended complaint. Plaintiff's amended pleading should state whether Plaintiff is a pretrial detainee, which housing unit(s) he is or has been assigned to during the relevant time period, and identify the specific conditions within those units that he contends violate his constitutional rights. For example, if Plaintiff asserts that Defendants failed to comply with capacity restrictions or other precautionary measures intended to prevent the spread of COVID-19, he should allege any facts suggesting that such failures resulted in a substantial risk of serious harm to Plaintiff, and that Defendants were deliberately indifferent to the risk of serious harm to his safety or health. If Plaintiff names individuals as defendants, he must allege facts regarding their personal involvement in the alleged violations of his rights. Further, if Plaintiff is seeking release as a remedy, he must include individualized allegations regarding the basis for such relief.

## LEAVE TO AMEND

The Court grants Plaintiff leave to file an amended complaint alleging more facts about his claims. Plaintiff must name as the defendants in the caption[4] those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and

---

[4] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption section of the form. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" in the caption section on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's "Statement of Claim."

the body of the amended complaint. The naming of "John Doe" or "Jane Doe" defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" defendants and amending his complaint to include the identity of any "John Doe" or "Jane Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. If Plaintiff has an address for any named defendant, he must provide it. Plaintiff should include all of the information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant persons;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief he seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights and how, when, and where such violations occurred, as well as why Plaintiff is entitled to relief.

**Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.**

**CONCLUSION**

The Court dismisses Plaintiff's claims against the State of New York and the Department of Correction. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Clerk of Court is directed to add the City of New York as a Defendant under Fed. R. Civ. P. 21.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-4280 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 19, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**-against-**

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial: ☐ Yes     ☐ No

(check one)

___ Civ. _____ (    )

**I.      Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's      Name_____
                 ID#_____
                 Current Institution_____
                 Address_____
                 _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant  No. 1      Name _____ Shield #_____
                      Where Currently Employed _____
                      Address _____
                      _____

Defendant No. 2    Name _____ Shield #_____

                   Where Currently Employed _____

                   Address _____

                   _____


Defendant No. 3    Name _____ Shield #_____

                   Where Currently Employed _____

                   Address _____

                   _____


<table>
<tr><td>Who did what?</td></tr>
</table>

Defendant No. 4    Name _____ Shield #_____

                   Where Currently Employed _____

                   Address _____

                   _____


Defendant No. 5    Name _____ Shield #_____

                   Where Currently Employed _____

                   Address _____

                   _____


## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.


A.    In what institution did the events giving rise to your claim(s) occur?

      _____
      _____


B.    Where in the institution did the events giving rise to your claim(s) occur?

      _____


C.    What date and approximate time did the events giving rise to your claim(s) occur?

      _____
      _____
      _____


D.    Facts:_____

<table>
<tr><td>What happened to you?</td></tr>
</table>

      _____
      _____
      _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____

**Who else saw what happened?**

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

         Yes _____     No _____     Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

         Yes _____     No _____     Do Not Know _____

         If YES, which claim(s)?

         _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

         Yes _____     No _____

         If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

         Yes _____     No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?

         _____

         1.      Which claim(s) in this complaint did you grieve?

            _____

            _____

         2.      What was the result, if any?

            _____

            _____

         3.      What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process.

            _____

            _____

            _____

            _____

F.      If you did not file a grievance:

         1.      If there are any reasons why you did not file a grievance, state them here:

            _____

            _____

            _____

_____
_____
_____

    2.        If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.      Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____
_____

**VI.**     **Previous lawsuits:**

<table>
<tr>
<td style="vertical-align: top; border: 1px solid black;"><b>On these claims</b></td>
<td>

A.     Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

        Yes _____ No _____

</td>
</tr>
</table>

B.     If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

        1.       Parties to the previous lawsuit:

        Plaintiff _____
        Defendants _____

        2. Court (if federal court, name the district; if state court, name the county) _____
        _____

_____ 3.       Docket or Index number _____

_____ 4.       Name of Judge assigned to your case_____

        5.       Approximate date of filing lawsuit _____

        6.       Is the case still pending? Yes _____ No _____

                If NO, give the approximate date of disposition_____

        7.       What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
        _____
        _____

<table>
<tr>
<td style="vertical-align: top; border: 1px solid black;"><b>On other claims</b></td>
<td>

C.     Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
        Yes _____ No _____

</td>
</tr>
</table>

D.     If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

        1.       Parties to the previous lawsuit:

        Plaintiff _____
        Defendants _____

        2.       Court (if federal court, name the district; if state court, name the county) _____
        _____

_____ 3.       Docket or Index number _____

_____ 4.       Name of Judge assigned to your case_____

        5.       Approximate date of filing lawsuit _____

6. Is the case still pending? Yes _____ No _____

   If NO, give the approximate date of disposition_____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
   _____
   _____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20__.


Signature of Plaintiff     _____

Inmate Number             _____

Institution Address        _____

                          _____

                          _____

                          _____


<u>Note</u>:  All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.


I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.


Signature of Plaintiff:  _____