UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RYDELL LATTA,

                      Plaintiff,

          -against-

THE STATE OF NEW YORK; THE
DEPARTMENT OF CORRECTION,

                    Defendants.

21-CV-4280 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff filed this action *pro se* and is proceeding *in forma pauperis* ("IFP"). By order dated May 19, 2021, the Court directed Plaintiff, within sixty days, to submit an amended complaint. (ECF 4.) Plaintiff failed to file an amended complaint, and on August 6, 2021, the Court dismissed the complaint for failure to state a claim on which relief may be granted, and entered judgment. (ECF 5, 6.) On August 16, 2021, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Second Circuit. (ECF 7.) On the same date, Plaintiff also filed an amended complaint. (ECF 8.)

      The Court liberally construes the amended complaint as a motion under Fed. R. Civ. P. 59(e) to alter or amend judgment and a motion under Local Civil Rule 6.3 for reconsideration, and, in the alternative, as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

**A.     Jurisdiction**

Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). But Rule 4 of the Federal Rules of Appellate Procedure provides that a district court has jurisdiction to rule on a motion under Rules 59 or 60 of the Federal Rules of Civil Procedure after a notice of appeal has been filed, but only if the motion is filed within 28 days after the entry of judgment. Fed. R. App. P. 4(a)(4)(A).

Here, the Court received Plaintiff's amended complaint on the same day that he submitted a notice of appeal and within 28 days after judgment was entered. The Court therefore has the authority under Rules 59 and 60 to consider his requests.

**B.     Motion for Reconsideration**

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to

advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Plaintiff's submission, which is captioned as an amended complaint, does not address the deficiencies identified in the original complaint. In fact, the claims asserted in the amended complaint appear unrelated to the claims included in the original complaint. The original complaint asserted claims that New York City Department of Correction officials were failing to protect Plaintiff from the risk of being infected with COVID-19. In the amended complaint, however, Plaintiff alleges that he was sprayed by mace following an "inmate on inmate incident" and that he slipped in a puddle of water. (ECF 8, at 2.)

Plaintiff has therefore failed to demonstrate in his motion that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. Plaintiff's motion under Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 is therefore denied.

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's submission, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

C.   **Amended Complaint**

Because the allegations and claims asserted in Plaintiff's amended complaint are unrelated to the allegations and claims asserted in this action, it appears that Plaintiff intended to file a new civil action. The Court therefore directs the Clerk of Court to open the amended complaint in this action (ECF 8) as the complaint in a new civil action. The Clerk of Court is further directed to docket a copy of this order in the new action.

**CONCLUSION**

The Court construes the amended complaint (ECF 8) as a motion for reconsideration, and denies the motion.

The Court directs the Clerk of Court to open a new civil action and to docket the amended complaint in this action (ECF 8) as a complaint in the new action. The Court further directs the Clerk of Court to docket a copy of this order in the new action.

The Court also directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  September 13, 2021
        New York, New York

                                                     /s/ Laura Taylor Swain
                                                      LAURA TAYLOR SWAIN
                                             Chief United States District Judge